## Light v. State Automobile Insurance Association

*James T. Reilly,* for plaintiffs.
*Bernerd A. Buzgon,* for defendant.

EBY, *J.,* November 2, 1988 — Plaintiff, Judith A. Light, was severely injured in an automobile accident on November 24, 1982 which necessitated the amputation of her right leg above her knee. Defendant, State Automobile Insurance Association, has provided certain loss benefits to Mrs. Light.

Plaintiffs, Mr. and Mrs. Light, claim that extensive modifications and renovations totaling $15,015.20 are required for their home due to Mrs. Light's medical condition. Defendant questions the reasonableness of all of the modifications and contend that the home for which the Lights are requesting modifications is not the same home in which plaintiff's resided at the time of Mrs. Light's injuries.

Plaintiff's filed suit in October 1987 for the cost of the modifications and remodeling costs. Additionally, plaintiff's claim entitlement to interest, attorney's fees and costs. Defendant has filed a petition requesting the court to compel plaintiff to undergo an independent medical examination. In response, plaintiffs lodged preliminary objections seeking dismissal of defendant's petition.[1]

40 P.S. §1009.401 stated:[2]

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion for good cause shown and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made."

To establish good cause it is insufficient that the physical condition of plaintiff and the extent of her disability are at issue. The petition of the insurer must set forth facts which show that a physical examination is necessary to evaluate plaintiff's claim. To establish good cause, an insurer's petition must, at the minimum, contain facts which could support a finding that the proofs supplied in support of the

---

1. Reference is made in defendant's brief in support of its petition to the deposition of plaintiff, Judith Light. However, this deposition was never filed with the prothonotary's office.

2. This provision of the Pennsylvania No-fault Motor Vehicle Insurance Act was repealed effective October 1, 1984. The same date a re-enactment of the provision providing for mental or physical examination with modification became effective and is found at 75 Pa. C.S. §1796.

claim are inadequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling a claimant to submit to a physical examination. *Nationwide Mutual Insurance Company v. Fandray,* 12 D.&C. 3d 65 (1979). The insurer must demonstrate some special circumstance showing the need for a court-ordered medical examination. The mere allegation that the medical condition of the insured is material to the issue is insufficient to meet this requirement. *Government Employees Insurance Company v. Schroeder,* 7 D.&C. 3d 786 (1978). Therefore, it is clear that the court should not compel medical examinations as a matter of course. The moving party has the burden of showing good cause. *Id.* at 788.

In *Motorists Insurance Co. v. Kramer,* 39 D.&C. 3d 252 (1985), the court found that good cause existed to compel a court-ordered medical examination. In *Motorists,* the insurer has waited over 18 months for information about the level of the insured's disability. Additionally, the court noted that the insurance company had not had the opportunity to have the insured examined by a physician of its own choosing. The court also noted that requiring the insured to submit to a physician chosen by the insurance company would cause no hardship because the physician was located only 30 minutes from her home. *Id.* at 254.

In its brief, defendant contends that it has not been offered any explanation for the necessity of the modifications by the physician. A review of the record shows that although a physician has stated that these renovations are "appropriate," there is no medical explanation as to why the renovations are necessary or that the nature of the renovations is reasonable.

Additionally, at argument, counsel for the insurer stated they had not had the opportunity for an independent physician to examine Mrs. Light in order to determine whether these modifications were medically necessary. Due to the amount expended for the modifications and the lapse of time since the accident, defendant is entitled to an independent medical exam to determine the reasonableness and necessity of the modifications. Further, we are satisfied that by directing the examination sought, defendant/insurer will be substantially assisted in evaluating plaintiff's claim.

We therefore conclude that these facts are sufficient to provide defendant with the good cause necessary to compel Mrs. Light to undergo a medical examination.

## ORDER OF COURT

And now, November 2, 1988, for the reasons set forth in the opinion accompanying this order of court, defendant's petition to compel an independent medical examination is granted.

Plaintiff, Judith A. Light, is hereby directed to attend a medical examination scheduled at a time convenient to her. That examination shall be conducted by a physician selected by defendant and at defendant's expense.